IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HERBERT STOUT, :
:
    Plaintiff, : CIVIL NO. 4:CV-09-0380
:
v. : (Judge McClure)
:
THE HONORABLE :
SCOTT NAUS, *et al.*, :
:
    Defendants. :

## **MEMORANDUM & O R D E R**

June 23, 2009

Plaintiff Herbert Stout ("Plaintiff" or "Stout"), an inmate presently confined at the Albion State Correctional Institution ("SCI-Albion") in Albion, Pennsylvania, initiated this *pro se* civil rights action by filing a Complaint pursuant to 42 U.S.C. § 1983. (*See* Record document no. 1.) At the time he filed this action, Stout was an inmate at the Smithfield State Correctional Institution ("SCI-Smithfield") in Huntingdon, Pennsylvania. He has requested leave to proceed *in forma pauperis*. (*See* Record document no. 2.)

Based on the request to proceed *in forma pauperis*, the case currently is before the Court for preliminary screening pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court will dismiss the Complaint pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(iii) because it seeks monetary relief against defendants who are immune from such relief.

**BACKGROUND**

Named as Defendants in the Complaint are The Honorable Scott Naus of the Columbia County Court of Common Pleas; Tami Kline, Columbia County Prothonotary and Clerk of the Court; and Kelly Brewer, an employee of the Office of the Columbia County Prothonotary and Clerk of the Court.

In his Complaint, Stout alleges that, on March 27, 2006, he was arrested in Bloomsburg, Columbia County, Pennsylvania for receiving stolen property. (Record document no. 1 ¶ 1.) He pled guilty to the crime on April 5, 2007. (*Id.* ¶ 2.) As part of his sentence, on April 16, 2007, a penalty was assessed against Stout, and the Office of Prothonotary and Clerk of the Court entered a civil judgment against him for collection of the penalty. (*See id.*, Ex. D, Criminal Docket.) Stout alleges that Judge Naus directed that the penalty be collected from his prison wages at the rate of twenty (20) percent. (*Id.* ¶ 3.)

Stout alleges that his biological uncle, Edward Moran, of Tuscon, Arizona, offered a set amount of gold to pay the court costs, penal sum, fines and restitution for

Stout "as is a custom of his homeland."[1]  (*Id.* ¶ 6.)  On or around November 13, 2008, Stout sent a letter to the Columbia County Clerk of the Courts asking if it was possible to pay the court costs, penal costs, judgment bond, and fines he owed in gold and silver.  (*Id.* ¶ 7; Ex. A.)

By letter dated November 18, 2008, Defendant Kline, the Columbia County Prothonotary and Clerk of the Courts, sent a reply to Plaintiff explaining that her office does not accept gold or silver as payment for costs and fines owed to the Court.  (*Id.* ¶ 8; Ex. B.)  Kline advised in the letter that payment is accepted solely via cash or money order made payable to the Clerk of Courts.  (*Id.*, Ex. B.)

On November 26, 2008, a second letter was sent by Kline to Stout responding to his inquiry.[2]  (*Id.* ¶ 9.)  In this letter, Kline explained that the Court does not deduct costs and fines due to incarceration.  (*Id.,* Ex. C.)  Kline further explained that, upon his release from incarceration, it is Stout's responsibility to contact the Clerk of Court

---

[1] Later in his Complaint, Stout states that on January 8, 2009, his Uncle Edward died of liver failure, and his assets are now in probate.  (Record document no. 1 ¶ 12.)

[2] Stout alleges that, because the signature on the second letter looks different than the first letter, a "forgery violation" was committed.  (*See* Record document no. 1 ¶ 10.)  However, the first letter was signed by "KPB" on Kline's behalf, and the second letter was signed by Kline.  (*See id.*, Exs. B, C.)  The Court infers that the initials "KPB" stand for "Kelly P. Brewer," the third Defendant named in the Complaint.

to set up a payment agreement. (*Id.*) Kline reiterated that payments must be in cash or money order and that gold or silver will not be accepted as payment. (*Id.*)

Stout alleges that someone from SCI-Smithfield, acting on behalf of the "Columbia County Court House," is extorting twenty (20) percent from his inmate account. (*Id.* ¶ 13.) Attached to his Complaint is a copy of his monthly inmate account statement from December 2007 showing an "Act 84 Transaction" deduction of $1.90 on December 11, 2007. (*Id.*, Ex. E.)

Stout alleges that Defendant Kline "has returned no money received by this incarcerated inmate." (*Id.* ¶ 14.) On December 4, 2008, Stout filed a motion in the Columbia County Court of Common Pleas requesting that he be able to certify his debt owed to the Court either with time served or with gold obtained from his family. (*Id.* ¶ 15; Ex. F.) By Order dated December 22, 2008, the Court denied the motion on the basis that it was "without discretion or authority" to grant Stout's request to reform his sentence to time served or accept payment in gold from his family in satisfaction of his debt to the Court. (*Id.*, Ex. G.) The Order denying the motion was signed by Defendant Judge Naus.

Stout asserts that Defendants Naus, Kline, and Brewer committed treason for not accepting payment in accordance with Article I, Section 10 of the United States

4

Constitution[3]; committed a violation of their oaths of office to uphold the Constitution; repeatedly committed extortion from an incarcerated inmate; and violated due process of law under the Pennsylvania and United States Constitutions. (*Id.* ¶ 17.) As relief, Stout requests that this Court: 1) "pursue and prosecute illegal actions/violations"; 2) "vacate charges"; and 3) "distress all bonds/recall all securities". (*Id.* at 16.)

**DISCUSSION**

**I.     Plaintiff's Claims Against Judge Naus**

Stout alleges that, as a result of his failure to accept Stout's payment in silver and/or gold for court costs in accordance with Article I, § 10 of the Constitution, Judge Naus committed treason and violated his oath of office to uphold the Constitution. (*See* Record document no. 1. ¶ 17.) Stout also alleges that Naus repeatedly committed extortion from an incarcerated inmate and violated due process of law under the Pennsylvania and United States Constitutions. (*See id.*)

It is well established that members of the judiciary are entitled to absolute

---

[3]Article I, Section 10 of the United States Constitution states: "No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder; ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility."

immunity. *Pierson v. Ray,* 386 U.S. 547, 554 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Gallas v. Supreme Court of Pa.,* 211 F.3d 760, 769 (3d Cir. 2000) (citing *Strump v. Sparkman,* 435 U.S. 349, 356-57 (1978)). "Further, immunity will not be lost merely because the judge's action is 'unfair' or controversial." *Id.* (citing *Cleavinger v. Saxner,* 474 U.S. 193, 199-200 (1985)).

In the instant case, Stout's allegations relate to Judge Naus's denial of his motion to grant Stout's request to satisfy his debt owed to the Court either with time served or with gold obtained from his family. To the extent he alleges that Naus committed extortion, Stout also appears to be challenging Judge Naus's assessment of a penalty against him as part of the Sentence Order entered following Naus's guilty plea to the charge of receiving stolen property. Judge Naus was acting in his capacity as a judge both when he entered an Order denying Stout's motion and when he entered a Sentence Order following Stout's guilty plea. There are no allegations indicating that Judge Naus acted in the clear absence of jurisdiction. The Court construes Stout's request to "distress all bonds/recall all securities" as a request for reimbursement of the money that has been collected from him. Because Judge Naus is

6

immune from such relief, dismissal of the claims against him pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) is appropriate. *See Azubuko v. Royal,* 443 F.3d 302, 303 (3d Cir. 2006) (affirming the dismissal of plaintiff's civil rights action against a judge because all of the allegations in the complaint related to actions taken in his official capacity as judge and there was no showing that the actions were taken in clear absence of his jurisdiction).

## II.     Plaintiff's Claims Against Defendants Kline and Brewer

Stout alleges that, as a result of their failure to accept Stout's payment in silver and/or gold for court costs in accordance with Article I, § 10 of the Constitution, Defendants Kline and Brewer committed treason and violated their oaths of office to uphold the Constitution. (*See* Record document no. 1. 17.) Stout also alleges that Kline and Brewer repeatedly committed extortion from an incarcerated inmate and violated due process of law under the Pennsylvania and United States Constitutions. (*See id.*)

Quasi-judicial officers, who act in accordance with their duties or at the direction of a judicial officer, also are immune from suit. *See Gallas,* 211 F.3d at 772-73 (court administrator entitled to immunity for release of information ordered by a judge); *Lockhart v. Hoenstine,* 411 F.2d 455, 460 (3d Cir. 1969) (holding that

prothonotary, acting under court direction, was immune from suit). The doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail,* 969 F.2d 594, 601 (7th Cir. 1992). *See also Johnson v. Kegans,* 870 F.2d 992, 995 (5th Cir. 1989) ("Prosecutors and other necessary participants in the judicial process enjoy quasi-judicial immunity as well.").

Quasi-judicial absolute immunity is available to those individuals, such as Defendants Kline and Brewer, who perform functions closely associated with the judicial process. *Marcedes v. Barrett,* 453 F.2d 391 (3d Cir. 1971) (holding that quasi-judicial immunity applied to clerk of courts, an administrative assistant to the president judge and a court reporter); *Henig v. Odorioso,* 385 F.2d 491, 494 (3d Cir.1967) (holding that judiciary employees executing judicial orders are immune from suit); *Davis v. Philadelphia County,* 195 F. Supp. 2d 686 (E.D. Pa. 2002) (holding that quasi-judicial immunity applies to court staff, such as clerks of judicial records and court reporters). The Court construes Stout's request to "distress all bonds/recall all securities" as a request for reimbursement of the money that has been collected from him. Because Defendants Kline and Brewer are immune from such

relief, dismissal of the claims against them pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) is appropriate.[4] Consequently,

**IT IS HEREBY ORDERED THAT:**

    1.    Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

    2.    Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

    3.    The Clerk of Court shall **CLOSE** this case.

    4.    Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

                                  s/ James F. McClure, Jr.
                                  JAMES F. McCLURE, JR.
                                  United States District Judge

---

[4]On May 27, 2009, Plaintiff filed a document entitled "Addendum" in which he states that he is "adding new supporting evidence to the above captioned matters not available at the time of original filing, sent February 23, 2009." (*See* Record document no. 7 at 1.) The Court construes this filing as an attempt to supplement the Complaint under Fed. R. Civ. P. 15(d). However, inasmuch as all of the documents in the Addendum pre-date the Complaint, they do not relate to a "transaction, occurrence, or event that happened after the pleading to be supplemented." Fed. R. Civ. P. 15(d). Moreover, the documents do not alter Plaintiff's request for monetary relief in his Complaint, and thus they have no bearing on the determination that Plaintiff's claims against Defendants must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii).